RICHARD ROE, casual ejector, and MATTHEW SYKES, tenant, etc., plaintiffs in error, *vs.* JOHN DOE, on the demises of McRORY and POWERS, defendant in error.

1. The *proviso* of the Act of 1857, (Pamphlet Laws, 58,) does not take any case out of the operation of the act, unless the written agreement relied on, as specified in the *proviso*, emanates from the person to whom the grant is alleged to have issued by mistake, or one claiming under him.

2. If the vested right, set up to take the case out of the statute, be not traced to, and connected with, the grant alleged to be erroneous, the case is not within the purview of the *proviso*, and under the enacting clause, parol evidence is admissible to mistake, and "to ascertain the true grantee."

3. Proof, that in the district and county wherein the grant recites that the grantee resided, there was no such person resident at the time when names were returned for chances in the particular lottery in question, nor ever before, within the knowledge of witnesses, makes a *prima facie* case for the admission of parol evidence under the act.

4. In all cases involving title to land, wherein the title of the *plaintiff* depends upon proof of mistake in the grant, and that a person, other than the one named therein, is the "true grantee," parol evidence is admissible to establish these facts; but if it appears, when the defendant's case is submitted, that he deserves title from the grantee, (whose name the plaintiff insists was inserted through mistake,) by some writing, executed anterior to the passage of the Act of 1857, then the

Sykes *vs.* McRory and Powers.

case is brought within the *proviso*, and the Court should instruct the jury (if they so believe) to disregard the parol evidence introduced by the plaintiff to show the mistake in the grant, and rectify it.

5. If in such a case there be proof on one side, that there was no such person as the grantee named in the grant, or that the title from such grantee, relied on by the opposite party, was forged, and evidence be adduced as to the identity of the real grantee, and thereupon the opposite party submits evidence in rebuttal of these proofs, or any of them, the whole matter should be referred to the jury, with full instructions as to the law.

Ejectment, in the Superior Court of Henry county, tried before Judge CABANISS, at the October Term, 1860.

This was an action brought by John Doe, on the several demises of John McRory, administrator of Rachael McRory, deceased, and Clem. Powers, against Richard Roe, casual ejector, and Matthew Sykes, tenant in possession, for the recovery of lot land No. 188, in the 12th district of Henry county.

On the trial of the case, the plaintiffs offered in evidence a grant from the State of Georgia for the land in dispute, which was dated the 21st of November, 1823, and originally issued to Rachael McRary, widow, of the 13th district, Effingham county.

The name of the grantee had been changed by an order of the Governor of Georgia, dated the 18th of December, 1839, reciting, amongst other things, that it appeared " by the affidavits of Walden Griffin, Hester Griffin, and John Crawford, that no such person as Rachael McRary did live in the district and county aforesaid prior to the land lottery of 1821, but that Rachael McRory did." The order then directed the grant and records to be corrected, and that a copy of the order be annexed to the page of the book in the Secretary of State's office, whereon the grant is recorded.

This executive order was submitted to the presiding Judge, who, after inspecting the same, admitted the corrected grant in evidence, unaccompanied by the executive order, and counsel for defendant excepted.

The plaintiffs also offered in evidence the depositions of several witnesses, who had long resided in Effingham

county, and who testified that no such person as Rachael McRary ever resided in the 13th district of said county, but that Rachael McRory, a widow, did reside there, that they knew her well, and that she did give in for a draw in the lottery in which the land in dispute was drawn, and that it was generally reported and understood that she drew a lot of land in Henry county.

Counsel for defendant objected to this testimony, but the Court overruled the objection, and admitted the testimony, and defendant excepted.

There was a great deal of testimony adduced in the case, and several other exceptions taken to the rulings of the presiding Judge pending the trial, and to his charge to the jury, but these exceptions were not seriously urged, and not discussed by the Court, and therefore not stated here.

It is believed that the facts here stated are ample for a clear understanding of the question decided by this Court.

The jury having returned a verdict for the plaintiffs, counsel for defendant moved for a new trial, on the following (amongst other) grounds, to-wit:

1. Because the Court erred in permitting the State of Georgia to Rachael McRory to go to the jury, the same having been changed from Rachael McRary, to whom it originally issued, to Rachael McRory, the intestate of the plaintiff, the Executive order changing it having been submitted to the Court, and not to the jury, the Court deciding that plaintiff's muniment of title must go to the jury.

2. Because the Court erred in permitting parol testimony to be submitted to the jury, to prove that no such person as Rachael McRary ever resided in the 13th district of Effingham county, but that Rachael McRory did reside there, and gave in for a draw, and drew the lot in question.

The presiding Judge overruled the motion, and refused to grant a new trial, and that judgment is the error complained of.

L. T. Doyal and E. W. Beck, for plaintiff in error.

Wm. Ezzard, for defendant in error.

*By the Court*—JENKINS, J., delivering the opinion.

The plaintiff in this action (who is defendant in error,) claimed title under a grant from the State of Georgia, originally issued to a person designated as Rachel McRary. By inspection, it appeared that the name of McRary had been changed to McRory, and the defendant objected, for that reason, to the admission of the grant in evidence.

To account for this alteration, the plaintiff presented to the Court an exemplification of an executive order, reciting that satisfactory evidence had been adduced that Rachel McRory was the real party entitled to the grant; that the name of McRary had been inserted by mistake, and directing that the mistake be corrected. The Court then admitted the grant, unaccompanied by the explanatory evidence, and to this counsel for defendant excepted.

The rule of law is, that if any ground of suspicion appear upon the face of an instrument offered in evidence, and evidence be offered to remove it, the whole question as to the suspicious appearances, and the explanation, should be referred to the jury, as a matter of fact. 1 Greenleaf, section 564. But the direction subsequently given to the case by the plaintiff, (he having assumed the burden of proving the mistake to the jury, and of showing that the person who drew the land in the lottery, and who was the grantee really intended, was Rachel McRory,) this exception becomes wholly immaterial. He did not close the case without adducing evidence pertinent to the precise question.

The next exception is, " that the Court admitted parol proof of the fact that no such person as Rachel McRary ever lived in the 13th district of Effingham county, (the place stated in the grant as the residence of the grantee,) but that Rachel McRory did live there, and gave in for a draw in the land lottery, and drew the land in dispute." This raises the question of the admissibility of parol evidence to show, collaterally, a mistake in a grant, and to give it the effect it would have had in the absence of such mistake. Upon

this question the case must turn, and it has been for many years a vexed question in Georgia.

In the numerous lotteries had by authority of law in this State, whereby an immense domain has been distributed in small parcels to citizens of the State, very many mistakes have occurred which, being uncorrected, would work manifest wrong to individuals. In every form in which a remedy for such mistakes has been attempted, our Courts have found great embarrassment, until the passage of the Act of 22d December, 1857, intended to meet this difficulty. I insert here, in full, the first section of that act, being all that appertains to the question:

" *It is enacted,* That in any suit, respecting title to land, in any court of law or equity, in this State, it is declared to be competent by parol proof on the trial, to ascertain the true grantee of the land, and to show what person really drew it, notwithstanding any mistake in the issuing of the grant, or in taking down or transcribing the name of the drawer. *Provided,* nothing herein contained shall be so construed as to apply or be applicable to the legally vested rights of any citizen of this State or of the United States, in rights vested by written agreement of all kinds whatsoever, bearing date anterior to the passage of this act."

Looking to the *proviso* of this act, several questions of doubtful solution, in applying the enacting clause to cases arising, have occurred to us. When the explanatory evidence in parol is offered by the plaintiff before the defendant's case is seen, how is the Court to know whether, under the proviso, it is admissible? If admitted, and the defendant subsequently bring his case within the proviso, what disposition shall be made of the plaintiff's parol evidence? Does the proviso, rightly construed, inhibit the application of the enacting clause in all cases wherein the party sought to be affected by parol evidence, adduces documentary evidence " bearing date anterior to the passage of the act," and *purporting* to invest him with rights, and if so, how shall it be construed? These questions we have carefully consid-

ered, and have adopted the following propositions for their solution:

1. The proviso of the Act of 1857 does not take any case out of the operation of the act, unless the written agreement relied upon, as specified in the proviso, emanates from the person to whom the grant is alleged to have issued by mistake, or one claiming under him. If the vested right, set up to take a case out of the statute, be not traced to and connected with the grant alleged to be erroneous, the case is not within the purview of the proviso; and under the enacting clause parol evidence is admissible to show mistake, and "to ascertain the true grantee."

2. Proof that, in the district and county wherein the grant recites that the grantee resided, there was no such person resident at the time when names were returned for chances in the particular lottery in question, nor ever before within the knowledge of witnesses, makes a *prima facie* case for the admission of parol evidence, under the act, because such proof raises the presumption that no title or written agreement emanated from the grantee, or could be connected with the grant.

3. In all cases involving title to land wherein the title of the *plaintiff* depends upon proof of mistake in the grant, and that a person, other than the one named therein, is "the true grantee," parol evidence is admissible to establish these facts; but, if it appears, when defendant's case is submitted, that he derives title from the grantee, (whose name the plaintiff insists was inserted through mistake,) by some writing executed anterior to the passage of the Act of 1857, then the case is brought within the proviso, and the Court should instruct the jury (if they so believe) to disregard the parol evidence introduced by the plaintiff, to show the mistake in the grant, and to rectify it.

4. If, in such a case, there be proof on one side that there was no such person as the grantee named in the grant, or that the title from such grantee, relied on by the opposite party, was forged, and evidence be adduced as to the identity of the real grantee; and thereupon the opposite party submits

evidence in rebuttal of those proofs, or any of them, the whole matter should be referred to the jury, with full instructions as to the law.

With this construction of the Act of 1857, (which we believe consonant with legislative intent,) there can be little difficulty in its application. Applying it to this case, we think the parol evidence was properly admitted. The other exceptions to other rulings of the Court, admitting evidence objected to, are not tenable, and indeed were not seriously urged. Furthermore, we are satisfied that no right of the defendant was prejudiced by any refusal of the Court to charge the jury as requested by him. The only remaining question for consideration is, that the Court erred in not granting a new trial on the ground that the verdict of the jury was without evidence, and against law and evidence.

It is not incumbent upon us to argue the facts of the case, and we dismiss this ground, and the whole case, with the single remark, that, after careful consideration, we are quite satisfied with the finding of the jury, and the judgment of the Court overruling the motion for a new trial.

Let the judgment be affirmed.